PER CURIAM:
*97 Claimant brought this action for damage to her vehicle which occurred when she was operating her vehicle on WV Route 2 in Weirton, Hancock County, and her vehicle struck a piece of cement in her lane of travel. WV Route 2 is a highway maintained by respondent. The Court is of the opinion to deny this claim for the reasons set forth below.
Claimant was driving to work on May 23, 2000, on-WV Route 2 when she observed a “huge” piece of cement approximately “a car length” in front of her on the roadway. WV Route 2 is a four-lane highway and claimant was proceeding southbound in the right lane. It was raining and there was heavy traffic as it was about 8:00 a.m. or the time at which many people are on their way to work. There was a bus in the left lane next to claimant and traffic behind her. She was unable to avoid driving over the piece of concrete. As soon as she had driven over the concrete, she was aware that her tire blew out so she drove into the mill gate and called the city police. Claimant described the piece of concrete as being twelve inches long and four to five inches wide. Claimant’s husband came to the scene and took a photograph of the curb adjacent to WV Route 2. The concrete piece had come out of the curb and gotten into the roadway. Claimant’s vehicle sustained damages in the amount of $231.89.
Respondent’s Hancock County Supervisor, Samuel DeCapio, testified that he received notice of the concrete in the road from his clerk so he sent a crew to place a barrel at the edge of the curb as a warning. He explained to the Court that the respondent has an agreement with the City of Weirton that limits respondent’s maintenance responsibility to the highway “curb to curb” and the city is responsible for maintenance of the curb and sidewalk. Therefore, respondent had no duty to maintain this curb from which the concrete piece evidently had broken away and somehow moved into claimant’s lane of travel. The Court requested that respondent send to the Court a copy of a Memorandum issued on December 21, 1982, that set forth respondent’s policy for maintenance in municipal areas. That document was filed post trial and the document states, in part, “DUTIES AND RESPONSIBILITIES OF THE MUNICIPALITIES ARE: 7. Maintenance of curbs and sidewalks.”
The Court, having reviewed the record in this claim, is of the opinion that the respondent established that it is not responsible for the maintenance of the curb adjacent to WV Route 2 in the City of Weirton, and, further, that it had no notice of the piece of concrete in the road at the time of claimant’s accident. Therefore, the claimant may not make a recovery in this claim.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.